**Oliver MORGAN, Petitioner–Appellant,**

v.

**James WALSH, Respondent–Appellee.**

No. 03–2847.

United States Court of Appeals, Second Circuit.

Jan. 25, 2005.

Robert L. Moore, West Hempstead, NY, for Petitioner–Appellant.

Peter A. Sell, Assistant District Attorney for Bronx County (Stanley R. Kaplan and Joseph N. Ferdenzi, Assistant District Attorneys, Robert T. Johnson, on the brief), Bronx, NY, for Respondent–Appellee, of counsel.

Present: LEVAL, STRAUB, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment is AFFIRMED.

After a jury trial conducted in the Supreme Court of New York, Bronx County, petitioner was convicted on multiple counts for murder, kidnaping, and criminal possession of a weapon. Petitioner exhausted his appellate options in the New York courts and subsequently filed the present habeas petition alleging violations of his Sixth and Fourteenth Amendment rights based on the state trial court's decision to continue jury deliberation and to receive the jury's verdict on a Friday. Petitioner asserts that Fridays are reserved for worship by the edicts of his Islamic faith. In essence, petitioner claims that this decision by the trial court placed him in the constitutionally untenable position of choosing between his right to free exercise of religion and his rights to confront his accusers and to be present during all stages of his criminal trial. This argument has been the subject of both a lengthy Report and Recommendation, dated November 27, 2002, and submitted to the District Court by Magistrate Judge Theodore H. Katz, and an August 27, 2003, Opinion and Order

by the District Court adopting the recommendation and dismissing the petition. We affirm.

Petitioner has failed to meet the standards of the AEDPA. *See* 28 U.S.C. § 2254(d)(1). First, petitioner failed to make any showing to the trial judge that his religion required that he dedicate the entirety of Friday to prayer (as opposed to a few hours of the day during the suspension of the proceedings offered by the trial judge). Second, petitioner's request was for a three-day adjournment; we cannot say that the court's reasons for denying this adjournment were not based on compelling interests. In sum, petitioner can point to no Supreme Court authority that was contradicted by or unreasonably applied in the trial court's ruling.

We have reviewed all of petitioner's remaining arguments on appeal and find each of them to be without merit. For the foregoing reasons, the decision of the District Court dismissing the petition is **AFFIRMED.**